UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16:16-CV-61643

KATHRYN M. RHODES, an individual,

       Plaintiff,

vs.

THE FAIR CREDIT LAW GROUP, LLC,
a Florida limited liability company, JOEL
A. BROWN, an individual and ROBERT
A. FRIEDMAN, an individual, et al.,

       Defendants.

_____/

**<ins>DEFENDANTS THE FAIR CREDIT LAW GROUP, LLC,
JOEL A. BROWN AND ROBERT A. FRIEDMAN'S
MOTION TO DISMISS COMPLAINT</ins>**

By: s/ Allison L. Friedman
    ALLISON L. FRIEDMAN, ESQ.
    FLA. BAR NO. 0055336
    ALLISON L. FRIEDMAN, P.A.
    20533 Biscayne Boulevard, Suite 4-435
    Aventura, Florida 33180
    (305) 905-2679 (Telephone)
    (305) 692-9387 (Facsimile)
    Ralfriedman@hotmail.com

# TABLE OF CONTENTS

Tables of Citations.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Memorandum of Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      I.     The Complaint should be dismissed as to the individual Defendants because Plaintiff has not alleged sufficient grounds to pierce the corporate veil.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      II.    The Complaint fails to state a cause of action in Counts I and II for violation of the Federal Credit Repair Organizations Act and the Florida Credit Service Organizations Act.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      III.   The Complaint fails to state a cause of action in Counts III and IV for violation of the Telemarketing Sales Rules... . . . . . . . . . . . . . . . . . . . 8

      IV.   Counts V though IX of the Complaint should be dismissed based upon the contradictory exhibits attached to the Complaint... . . . . . . 10

      V.    Count X of the Complaint should be dismissed because Plaintiff fails to state a cause of action for civil conspiracy.. . . . . . . . . . . . . . . . . 12

      VI.   The Complaint should be dismissed for a more definite statement.. 13

Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF CITATIONS

**Cases:**

*Associated Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97 (5th Cir. 1974)...... 2, 8

*Bryson v. Berges*, No. 14-62323 (S.D. Fla. 2015). . . . . . . . . . . . . . . . . . . . . . . . 7

*Burnet v. Clark*, 287 U.S. 410 (1932). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Casa Inv. Co., Inc. v. Nestor*, 8 So.3d 1219 (Fla. 3d DCA 2009). . . . . . . . . . 5, n.1

*Cellco P'ship v. Plaza Resorts Inc.*, No. 12-81238 (S.D. Fla. 2013). . . . . . . . 13-14

*Cummings v. Palm Beach County*, 642 F.Supp. 248 (S.D.Fla.1986). . . . . . . . . . . 5

*F.T.C. v. RCA Credit Serv., LLC*, 727 F.Supp.2d 1320 (M.D. Fla. 2010). . . . . . 6-7

*Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007). . . . . . . . 2, 7, 9, 12

*Jackson v. Alexander*, 706 So.2d 364 (Fla. 1st DCA 1998). . . . . . . . . . . . . . 6, n.1

*Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250 (11th Cir. 2004). . . . . . . . . . 1-2, 5

*Julin v. Chiquita Brands Int'l, Inc. (In re Chiquita Brands Int'l, Inc. Alien Tort
Statute & Shareholder Derivative Litig.)*, 690 F. Supp.2d 1296 (S.D. Fla. 2010). . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13,13

*Linden v. Auto Trend, Inc.*, 923 So.2d 1281 (Fla. 4th DCA 2006). . . . . . . . . . 6, n.1

*R/V Beacon, LLC v. Underwater Archeology & Exploration Corp.*, No. 14-CIV-
22131 (S.D. Fla. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 3-4

*Super Vision Intern. v. Mega Intern. Commercial*, 534 F.Supp.2d 1326 (S.D. Fla.
2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*U.S. v. JBA Motorcars, Inc.*, 839 F. Supp. 1572 (S.D. Fla. 1993). . . . . . . . . . . . . 4

*U.S. Bank Nat'l Ass'n v. Capparelli*, No. 13-80323 (S.D. Fla. 2014). . . . . . . . 13-14

*Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949 (11th Cir. 2009). . . . . . . . . . . 2, 5

**Statutes:**

Federal Credit Repair Organizations Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Florida Credit Service Organizations Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Florida Deceptive and Unfair Trade Practices Act. . . . . . . . . . . . . . . . . . . . . . . . 8

Telemarketing and Consumer Fraud and Abuse Prevention Act. . . . . . . . . . . . . . 8

**Codes**:

Telemarketing Sales Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

16 C.F.R. §310.2(o). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

**Rules:**

Federal Rule of Civil Procedure 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Defendants, FAIR CREDIT LAW GROUP, LLC ("FCLG"), JOEL A. BROWN ("BROWN") and ROBERT A. FRIEDMAN ("FRIEDMAN"), file this, their Motion to Dismiss Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and state as follows:

## INTRODUCTION

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a cause of action. Even in the light most favorable to Plaintiff, the Complaint woefully lacks the requisite elements necessary to support the causes of action set forth therein. Further, Plaintiff's own exhibits attached to the Complaint contradict her allegations within the Complaint requiring dismissal.

## MEMORANDUM OF LAW

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "'enough factual matter (taken as true) to suggest' the required element." *Super Vision Intern. v. Mega Intern. Commercial*, 534 F.Supp.2d 1326, 1330 (S.D. Fla. 2008) (citing *Watts v. Fla. Int'l Univ., et al.,* 495 F.3d 1289, 1295 (11th Cir. 2007)). The plaintiff's pleading must create "plausible grounds to infer" the causes of action. *Id.* (citation omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson*

*v. Bellsouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004) (citing *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002)). Accordingly, mere "formulaic recitation of the elements of a cause of action will not do." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) (citation omitted).

In the present case, Plaintiff's Complaint lacks any actual substantive allegations and instead strings along a number of unrelated accusations and legal conclusions and as such should be dismissed.  In addition, the exhibits to the Complaint contradict Plaintiff's own allegations also requiring dismissal. *See Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007); *Associated Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir.1974) ("If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted)).  As a result, Plaintiff's Complaint must be dismissed as demonstrated herein.

**I.**    ***The Complaint should be dismissed as to the individual Defendants because Plaintiff has not alleged sufficient grounds to pierce the corporate veil.***

Plaintiff's Complaint contains ten (10) causes of action pled jointly against the corporate Defendant and individual Defendants in complete

disregard of Florida law which recognizes that a corporate entity and its individual owners are separate legal entities existing independently of one another. *See R/V Beacon, LLC v. Underwater Archeology & Exploration Corp.*, No. 14-CIV-22131, *6 (S.D. Fla. 2014); *Burnet v. Clark*, 287 U.S. 410, 415 (1932) ("A corporation and its stockholders are generally to be treated as separate entities"). In the present case, all documents attached to the Complaint demonstrate that Defendant, FCLG, contracted directly with Plaintiff. Notwithstanding, Plaintiff has instituted suit against the principals, Defendants, BROWN and FRIEDMAN, on all counts including breach of contract. Interestingly enough, when Plaintiff's counsel was asked by the undersigned why the individuals were included, his response was "because they are the ones' with the assets." However, Florida law protects corporate owners for the acts of the corporation unless one is able to pierce that corporate veil. *R/V Beacon, LLC,* No. 14-CIV-22131 at 6.

In order to set forth a basis for this Court to pierce the corporate veil and find the individual Defendants liable, Plaintiff **must** allege as follows:

> (1) the *shareholder* dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the *shareholders* were in fact alter egos of the corporation;
> (2) the corporate form must have been used fraudulently or

3

> for an improper purpose; and
>
> (3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Id.* at 7 (citing *Molinos Valle Del Cibao, C. por A. v. Lama,* 633 F.3d 1330, 1349 (11th Cir. 2011) (emphasis in original)).  "Factors to be considered in piercing the corporate veil include, *inter alia,* failure to observe corporate formalities, nonpayment of dividends, nonfunctioning of other officers or directors, absence of corporate records, and fact that corporation is merely a facade for operations of dominant stockholder." *U.S. v. JBA Motorcars, Inc.*, 839 F. Supp. 1572, 1577 (S.D. Fla. 1993) (*citing Solomon v. Klein,* 770 F.2d 352, 353-54 (3d Cir. 1985)).

In the present case, Plaintiff includes 120 general allegations before setting forth the ten (10) counts in the Complaint.  Within those allegations, Plaintiff discusses third parties unrelated to Defendants without delineating any connection solely in an attempt to make it appear as though Defendants were committing fraud "by association."  However, what is notably lacking is any actual statements demonstrating any actions by the individuals that could lead to piercing the corporate veil to find Defendants, BROWN and FRIEDMAN, liable for any damages that may have been caused as a result of Plaintiff's relationship with the corporate Defendant.  The only actual allegation within

4

the Complaint is set forth in paragraph 8 of the Complaint states as follows:

> At all times material hereto, Mr. Brown and Mr. Friedman
> were the officers, managers and control persons of the Fair
> Credit Law collectively and maintained complete authority
> and control over Fair Credit Law to the extent that Fair
> Credit Law was the alter-ego and mere instrumentality of
> Mr. Brown and Mr. Friedman.

Within the 40 pages of the Complaint there are no other allegations demonstrating how BROWN and FRIEDMAN are the alter-egos of FCLG or how they used FCLG for an improper purpose.  In fact, Plaintiff's allegation is nothing more than boilerplate language in an effort to pierce the corporate veil.  Without more, Plaintiff cannot pierce the corporate veil and include Defendants, BROWN and FRIEDMAN in the causes of action where FCLG is clearly the entity with whom Plaintiff contracted.  *See Wilchombe*, 555 F.3d at 958*; Jackson*, 372 F.3d at 1263; *Cummings v. Palm Beach County,* 642 F.Supp. 248, 249-50 (S.D.Fla.1986) (finding vague and conclusory complaint failed to state a *factual* basis for claims).

Plaintiff's counsel has made an effort to 'throw everything at the wall to see what sticks' to bring the individual Defendants into this case.[1]  Said

---

[1]This is not the first time that Robert Murphy, Esq. has attempted to circumvent Florida law.  In the case of *Casa Inv. Co., Inc. v. Nestor*, 8 So.3d 1219 (Fla. 3d DCA 2009) the Third District Court of Appeals reversed summary judgment in favor of Mr. Murphy's client because Mr. Murphy attempted to circumvent Rule 1.510(c) of the Florida Rules of Civil Procedure by seeking entry of summary judgment without sufficient notice to the other party.  In the case of *Linden v. Auto Trend, Inc.*, 923 So.2d 1281, 1283 (Fla. 4th DCA 2006), the Fourth District Court of Appeals not only affirmed the trial court's ruling compelling arbitration despite Mr. Murphy's claim that

counsel's own admission that he believes the assets lie with the individuals further demonstrates his ulterior motive in pursuing the individuals. However, Florida law provides that the corporate entities and individuals are separate and without showing more, Plaintiff cannot maintain her causes of action against Defendants, BROWN and FRIEDMAN. As such, the Complaint should be dismissed against the individuals.

**II.**     ***The Complaint fails to state a cause of action in Counts I and II for violation of the Federal Credit Repair Organizations Act and the Florida Credit Service Organizations Act.***

Plaintiff's Complaint fails to state a cause of action in Count I and II for violation of the Federal Credit Repair Organizations Act ("CROA") and the Florida Credit Service Organizations Act ("CSOA"). In order to state a cause of action against Defendants for violation of CROA, Plaintiff must allege that Defendants " '(1) used any instrumentality of interstate commerce, or the mails to (2) sell, provide, or perform (or represent that they could do so) (3) in return for valuable consideration (4) services or advice about services (5) for the express or implied purpose of improving a consumer's credit record, credit

---

the court was required to have an evidentiary hearing before doing so, the Court went on to state that "[i]n this case, at the hearing on the motion to compel arbitration, [Mr. Murphy] failed to specify any issue that required an evidentiary hearing. [Mr. Murphy] talked in generalities. He answered the judge's questions with questions. . . .Mr. Murphy incorrectly assumed that an evidentiary hearing is always required once a motion to compel arbitration is filed." Finally, in the case of *Jackson v. Alexander*, 706 So.2d 364 (Fla. 1ˢᵗ DCA 1998), Mr. Murphy's client failed to post a bond pursuant to Florida Statutes §55.509 but still claimed that the efforts to collect on a foreign judgment should be stayed in direct conflict with Florida law.

history, or credit rating.'" *F.T.C. v. RCA Credit Serv., LLC*, 727 F.Supp.2d 1320, 1332 (M.D. Fla. 2010) (quoting *Hillis v. Equifax Consumer Servs., Inc.,* 237 F.R.D. 491, 511 (N.D. Ga. 2006)); *See also Bryson v. Berges*, No. 14-62323, *9 (S.D. Fla. 2015). The definition of a credit service organzitation in CSOA is nearly identical to that in CROA. *Id.* at 9-10.

In the present case, Plaintiff makes numerous allegations to infer that Defendant, FCLG, is a credit repair organization as defined by the CROA and CSOA. However, the exhibits attached to the Complaint actual contradict Plaintiff's allegations. Nowhere in the Legal Services Agreement or other attached documentation exist any representations made to Plaintiff that Defendant, FCLG, would provide any services for the "express or implied purpose of improving a consumer's credit record, credit history, or credit rating." The only mention of credit in the Legal Services Agreement references that Defendant, FCLG, may dispute inaccuracies on Plaintiff's credit report(s), if any exist, in an effort to dispute debts with those same creditors. When the exhibits to a complaint contradict the allegations set forth therein, the exhibits control and dismissal is appropriate. *Griffin Industries, Inc.*, 496 F.3d at 1206; *Associated Builders, Inc.,* 505 F.2d at 100. Thus, based upon the exhibits attached to the Complaint, Plaintiff cannot demonstrate that

Defendants ever represented that Defendant, FCLG, would improve her credit and Count I and II should be dismissed.

### III. *The Complaint fails to state a cause of action in Counts III and IV for violation of the Telemarketing Sales Rules.*

Plaintiff also fails to state a cause in Count III and IV of the Complaint for violation of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act") and the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"). The basis for both counts is Defendants' alleged violation of the Telemarketing Sales Rules ("TSR") as its applies to debt relief services. However, within the Complaint Plaintiff fails to allege, nor can she, that Defendants own or control the referral company. Based upon Plaintiff's own allegations she spoke with a representative of a referral company who also sent her an e-mail listing the various panel member firms, not just Defendant, FCLG.

Further, none of the exhibits attached to the Complaint demonstrate that Defendant, FCGL, agreed to provide Plaintiff with debt relief services subjecting it to the TSR as Plaintiff contends. "Debt relief service" refers to "any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt

between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector." 16 C.F.R. §310.2(o). The Legal Services Agreement with Defendant, FCLG, however, does not provide for debt relief services. Absent in the exhibits attached to the Complaint are any claims that Defendant, FCLG, intended to settle debts. Rather, Defendant states in the Legal Services Agreement that its lawyers will "validate, dispute and/or litigate or arbitrate" the consumer's accounts.

Additionally, no fees for settling accounts were requested to be held by FCLG in an effort to try and settle debts on Plaintiff's behalf. Defendant's attorneys may negotiate a settlement in the course of their representation, but that is not what Defendant, FCLG, was contracted to do on behalf of Plaintiff. Defendant's employment was to challenge the debts in an effort to have the debts dismissed if possible. In fact, Plaintiff states in paragraph 26 of the Complaint the specific relief she was seeking and at no time does she state that requested debt relief services on her behalf. Therefore, Plaintiff's causes of actions set forth in Count III and IV are also barred by the contradictory allegations and exhibits attached to the Complaint and should be dismissed. *See Griffin Industries, Inc.*, 496 F.3d at 1206.

9

**IV.**  ***Counts V though IX of the Complaint should be dismissed based upon the contradictory exhibits attached to the Complaint.***

First, Plaintiff's Count V for breach of contract and Count IX for unjust enrichment in the Complaint should be dismissed because the exhibits attached to the Complaint contradict the allegations set forth therein.   Pursuant to Exhibit "H" attached to the Complaint, Plaintiff terminated the relationship because she no longer was able to pay for the services.   Notwithstanding, she advised Defendant, FCLG, to close out her file by notifying the banks she is judgment proof and to keep the amounts she already paid.   Plaintiff clearly did not seek a refund or any retribution from Defendant, FCLG, at that time.   By her own admission in the letter, she believed Defendant was entitled to the amounts paid.   Again, where the exhibits contradict the allegations set forth in the Complaint, the exhibits control. *Id.*   Therefore, Counts V and IX should be dismissed.

Second, Plaintiff's Counts VI, VII and VIII for fraud, negligent misrepresentation and fraudulent inducement, respectively, should also be dismissed.   Here, again, Plaintiff's counsel is attempting to 'throw everything at the wall to see what sticks.'   Within the 120 general allegations, Plaintiff only references four (4) representations by Defendants, those contained in

goodlifecredit.com, those contained on manta.com, one line contained in faircreditlawgroup.com and those contained in the exhibits to the Complaint. Plaintiff argues that these websites contain misrepresentations which induced Plaintiff to enter into the Legal Services Agreement with Defendant, FCLG. However, again, notably missing is any allegation whatsoever in the Complaint that Plaintiff reviewed any of these websites prior to entering into the Legal Services Agreement. In addition, goodlifecredit.com is a separate credit repair company owned by a third party and manta.com is an on-line small business service directory in control of its own content. To imply that Defendants should be held responsible for the representations set forth therein is excessive. Therefore, any such representations in the websites, based upon Plaintiff's own allegations, could not have caused Plaintiff to enter into the Legal Services Agreement.

With reference to the exhibits to the Complaint, the only alleged misrepresentation is that Defendant, FCLG, employs attorneys in other states. Pursuant to 8(c) of the Legal Services Agreement, Defendant, FCLG, states that in the event local law is involved with any matter, Defendant may employ local counsel, if necessary. Plaintiff signed the Legal Services Agreement which also states immediately above her signature that:

> CLIENT REPRESENTS THAT THEY HAVE READ
> AND FULLY UNDERSTAND AND AGREE TO EACH
> OF THE ABOVE TERMS AND CONDITIONS AND
> ACKNOWLEDGE RECEIPT OF A COPY OF THIS
> AGREEMENT.

Accordingly, Plaintiff had both actual and constructive knowledge that Defendant, FCLG, employs, when warranted, attorneys to handle local legal matters when necessary.  Plaintiff's allegations therefore again contradict the exhibits and as such, Counts VI, VII and VIII should be dismissed.  *Id.*

**V.**     ***Count X of the Complaint should be dismissed because Plaintiff fails to state a cause of action for civil conspiracy.***

Finally, Count X for civil conspiracy also fails because Plaintiff cannot allege that more than one person conspired to charge Plaintiff an allegedly "unconscionable" legal fee because only Defendant, FCLG, charged the fees and as explained above, Plaintiff has failed to demonstrate Defendant, BROWN and FRIEDMAN, should be liable for the corporate actions.  Further, "[a] cause of action for civil conspiracy should allege the scope of the conspiracy, its participants, and when the agreement was entered into." *Julin v. Chiquita Brands Int'l, Inc. (In re Chiquita Brands Int'l, Inc. Alien Tort Statute & Shareholder Derivative Litig.)*, 690 F. Supp.2d 1296, 1311 (S.D. Fla., 2010) (citing *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1268 (11th

Cir.2009)). "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Id.* (citing *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir.1984)). Plaintiff's Count X for civil conspiracy fails to delineate the specifics of the alleged agreement and therefore, Count X should be dismissed.

## VI.   *The Complaint should be dismissed for a more definite statement.*

Finally, Plaintiff's Complaint is filled with numerous sections and statements that have no relation to any of Defendants. Specifically, Plaintiff's allegations concerning Edward Cherry, Paul Herman, goodlifecredit.com, manta.com and "Mr. Block" have no connection to the allegations set forth in the Complaint and therefore could have only been plead to attempt to infer nefarious connections between these third parties and prejudice the Court against Defendants. Where allegations are set forth in such a manner, as in this case, with a grouping of Defendants and third parties together to imply a relationship and various causes of action, the Complaint should be dismissed. *Cellco P'ship v. Plaza Resorts Inc.*, No. 12-81238, 13 (S.D. Fla., 2013). "Lumping [parties] together creates confusion and makes the analysis of the Complaint unnecessarily burdensome, and results in [plaintiff] making accusations that are just not accurate." *U.S. Bank Nat'l Ass'n v. Capparelli*, No.

13

13-80323, *5-6 (S.D. Fla., 2014) (citing *Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Grp. Ltd.*, 05-60080, *2 (S.D. Fla. Mar. 30, 2011)).

## CONCLUSION

Based upon the foregoing it is abundantly clear that Plaintiff's Complaint lacks the requisite factual allegations necessary to maintain the plausibility of its causes of action especially in light of the contradicting exhibits.  Plaintiff's Complaint is nothing more than a string of conclusory allegations and improper inferences attempting to find both the corporate Defendant and individual Defendants liable for the causes of action in contrast to existing Federal and Florida law.   As a result Plaintiff's Complaint must be dismissed for failure to state a cause of action in all of the Counts.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 15TH day of August, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on Robert Murphy, Esq., 1212 S.E. 2nd Avenue, Fort Lauderdale, Florida 33316, rmurphy@lawfirmmurphy.com and rphyu@aol.com via transmission of Notices of Electronic Filing generated by CM/ECF.

By: <u>s/ Allison L. Friedman</u>
ALLISON L. FRIEDMAN, ESQ.
ALLISON L. FRIEDMAN, P.A.
20533 Biscayne Boulevard, Suite 4-435
Aventura, Florida 33180
(305) 905-2679 (Telephone)
(305) 692-9387 (Facsimile)
Ralfriedman@hotmail.com

15